UNITED STATES *v.* GARDNER.

*(Circuit Court, N. D. New York.* May 22, 1890.)

1. SMUGGLING—INDICTMENT—DESCRIPTION OF PROPERTY.
  An indictment for smuggling "smoking opium" and "prepared opium" sufficiently describes dutiable merchandise under 22 U. S. St. at Large, p. 495, § 2502, prescribing a duty on "opium prepared for smoking, and all other preparations of opium not specially enumerated or provided for in this act."

2. EVIDENCE—ADMISSIBILITY.
  Defendant, being caught with smuggled opium in his possession, represented to the officer that he was acting under instructions of a government officer, and asked him to telegraph about the matter. The reply to the telegram stated that defendant was not acting under instructions, and that his false statement, coupled with his arrest while in the act of smuggling, was strong evidence of his guilt. The telegram and reply were shown defendant, and on his trial were admitted in evidence. *Held* that, though that part of the reply expressing an opinion of defendant's guilt might have been inadmissible if objected to on the ground that it was not responsive to the telegram, yet the court was justified in assuming at the time it was admitted that evidence would be offered as to defendant's statements or silence when the reply was shown him, which would have made it admissible.

3. SAME—WAIVER OF ERROR.
  In such case, the evidence, on the assumption of the introduction of which the telegram and reply were admitted, not having in fact been introduced, defendant should have moved to have the admitted evidence withdrawn from the jury. Not having done so, he cannot complain.

Error to the District Court.
*Richard Crowley*, for plaintiff in error.
*John E. Smith*, Asst. U. S. Atty.

WALLACE, J. This is a writ of error to review a judgment of the district court whereby the defendant below was convicted of the offenses of smuggling and concealing smuggled goods, and sentenced to imprisonment for a term of four years. The indictment contains nine counts. At the close of the evidence the court instructed the jury to render a verdict of acquittal as to the seventh, eighth, and ninth counts. The

other counts charge the defendant below with having smuggled into the United States at different times merchandise subject to duty by law, described in some of them as a specified number of pounds of "smoking opium," and in others as "prepared opium," knowing that the duty due and payable thereon had not been paid or accounted for, and with concealing the opium, knowing that it had been imported contrary to law. The court was asked upon the trial to instruct the jury to acquit him as to the remaining counts of the indictment, upon the ground that the indictment did not describe any dutiable merchandise, there being no duty imposed by statute upon any such article as "smoking opium" or "prepared opium." The court refused so to instruct the jury, and the first point now urged is that this refusal was error. The act of March 3, 1883, (22 U. S. St. at Large, 495,) by section 2502, classifies and subjects opium to duty as follows:

"Opium, crude, * * * one dollar per pound. * * * Opium, prepared for smoking, and all other preparations of opium not specially enumerated or provided for in this act, ten dollars per pound. * * * Opium, aqueous, extract of, for medicinal uses, and tincture of, as laudanum, and all other liquid preparations of opium not specially enumerated or provided for in this act, forty per centum *ad valorem.*"

It cannot for a moment be doubted that under the statute opium, whether crude or prepared in a solid or liquid form, is dutiable; and it is obvious, therefore, that an indictment which describes the merchandise smuggled and concealed as "smoking opium," or "prepared opium," describes it sufficiently to denote that the merchandise was within the classification of dutiable merchandise. The rule of criminal pleading is that, where chattels are the subject of an offense, as in larceny, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods must be stated. The present indictment fully complies with the requirements of this rule. The description of the merchandise is certainly as full and specific as it would be if it had been described as so many pounds of opium "prepared for smoking," or of "a preparation of opium."

It is insisted that the court below erred in receiving in evidence upon the trial the telegraphic message sent by Mr. Winslow, a special treasury agent, and the reply in answer thereto. These were admitted against the objections of the defendant, and the exception to the ruling raises the question of the competency and materiality of the evidence. The case made upon the trial was this: The revenue officers of the United States had seized within the collection district of Cape Vincent two lots of opium in boxes. One lot, at the time of seizure, was being transported in a sleigh, accompanied by the defendant and one Ephraim Gardner, a relative of his; the other lot was concealed in a barn belonging to Ephraim Gardner. It was shown that the defendant and Ephraim Gardner, while passing under assumed names, had been concerned in removing the opium from the Canada side of the St. Lawrence river to the American side. When the defendant was arrested he represented,

in substance, that he had formerly been a government officer, and was acting, at the instigation of certain government officers, as a confederate of Canadian opium smugglers, with a view to break up the operations of the smugglers, and effect the seizure of their opium; and he asked Mr. Winslow to telegraph to one Ayres, a special agent of the treasury department, at San Francisco, and ask him if he (the defendant) was not acting under instructions. Mr. Winslow accordingly sent a telegram, and received a reply from Mr. Ayres. The day after the reply was received the message and the reply were shown to the defendant. The reply, in substance, was that the defendant was not acting under the direction or with the knowledge or approval of Mr. Ayres, and that his false statement in that regard, coupled with his arrest in the act of smuggling, was, to the mind of Mr. Ayres, strong evidence of his guilt. Inasmuch as no evidence was offered on the part of the defendant to controvert the facts which had been shown on the part of the government, and as the evidence showing that the defendant had brought the opium clandestinely from Canada into this country, and had concealed some of it, and was about removing the rest, was overwhelming, it would seem that his false statements as to the nature of his connection with the transaction were of but little importance either as tending to show that he was a participant in smuggling the opium or was actuated by a criminal intent. The message was sent by his request. He left it to the discretion of Mr. Winslow to frame the inquiry, and in effect he authorized Mr. Winslow to regard the reply to be made by Mr. Ayres as his own statement. If the part of the reply of Mr. Ayres which was not properly responsive to the inquiry, and which gave Mr. Ayres' own opinion of the guilt of the defendant, was inadmissible, the objection should have been put upon that ground. But the ruling can be vindicated upon another consideration. When the ruling was made it had been proved that the message and reply had been shown the defendant, and the court was justified in assuming that testimony would be offered by the government respecting the statements or silence of the defendant when the papers were exhibited to him. Such testimony would certainly have rendered the message and reply admissible. When such testimony was not introduced, a motion should have been made to strike out the evidence, or instruct the jury to disregard it. If such a motion had been made, the testimony which would have rendered it competent might have been supplied. Not having made such a motion, the defendant cannot justly complain of a ruling which was not necessarily erroneous when it was made. The judgment is affirmed.